UNITED STATES OF DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BERNARD DEPROSPO

          Plaintiff

     -against-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT, POLICE
OFFICER, MATHEW REICH, POLICE
OFFICER JOHN DOE,

Defendants

Civil Action Number

  Complaint

JURY TRIAL DEMANDED

ECF Case

Plaintiff, BERNARD DEPROSPO, by his attorneys, J. Iandolo Law, P.C. hereby brings this action

under 42U.S.C. 1983 to dress his civil and legal rights, and alleges as follows:

PRELIIMINARY STATEMENT

1.   This is a civil rights action in which the plaintiff, BERNARD DEPROSPO, seeks relief

for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments,

and by the laws and Constitution of the State of New York.  Plaintiff seeks compensatory and

punitive damages, an award of costs, interest and attorney's fees, and such other and further

relief this Court deems just and proper.

1

## JURISCTION AND VENUE

2.   This action is brought pursuant to 42U.S.C. 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. 1331 and 1343, this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights.

3.   Plaintiff further invokes tis Court's supplemental jurisdiction pursuant to 28 U.S.C. 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4.   Venue in this District is proper under 28 U.S.C. 1391(b) and (c) in that the events giving rise to the incident in question occurred in Staten Island, Brooklyn, New York as well as the Plaintiff resides in Staten Island New York are both in the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

5.   Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

6.   At all times relevant to this actions, Plaintiff Bernard DeProspo was and is a resident of Richmond County, New York.

7.   Defendant, CITY OF NEW YORK is and was at all relevant times herein a municipality created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.   Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers.

Defendant CITY OF NEW YORK was at all times relevant herein the public employer of Defendants, Police Officer MATTHEW REICH and POLICE OFFICER JOHN DOE.

8.  Defendants, MATTHEW REICH and POLICE OFFICER JOHN DOE are and were at all times relevant herein

duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK.  At all times relevant herein, the individual defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York City Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by the CITY OF NEW YORK and the New York City Police Department, and otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  They are sued individually and in their official capacity.

9.  By conduct, acts, and omissions complained of herein, Defendants, NYPD Police Officer MATTHEW REICH and NYPD Police Officer JOHN DOE violated clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

## NOTICE OF CLAIM

10.  Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York, setting forth the facts underlying Plaintiff's claim against  NYPD Police Officer MATTHEW REICH and NYPD Police Officer DOE and Defendant CITY OF NEW YORK.

11.  The City assigned a claim to Plaintiff's Claim, and Plaintiff was subjected to an

examination pursuant to N.Y. Gen. Mun. L. Sec. 50-h on                               .

12.  To date, no answer has been received by Plaintiff and no compensations has been offered by Defendant CITY OF NEW YORK in response to this claim.

13.  This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

## STATEMENT OF FACTS

14.  On October 24, 2014 at approximately 8:30 A.M., in front of 376 Seguine Avenue, Staten Island, New York, the City of New York, its agents, employees and supervisors, and police officers, acting under color of law assaulted and battered and unlawfully imprisoned claimant.

15.   Defendants herein, rear handcuffed Plaintiff and imprisoned claimant in a police vehicle without placing a seatbelt on claimant.  NYPD Police Officers drove said police vehicle in a manner which caused Plaintiff to fall off this seat and bounce around the floor of said police vehicle.   Defendants, NYPD Police Officers, MATTHEW REICH and JOHN DOE continued to drive said police vehicle for an unreasonable period of time despite knowing that claimant suffered injuries to his back, leg, head and body including severe bruising, swelling as well as a laceration above his eye requiring stiches to repair.

16.  As a result of the events alleged herein, and due directly to the actions taken by the individual defendants, Bernard DeProspo suffered and continues to suffer physical and emotional trauma, discomfort, humiliation, fear, anxiety and embarrassment, amongst other things.

## CAUSES OF ACTION

## FIRST CLAIM: EXCESSIVE FORCE

### *DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. 1983.*

17.  Plaintiff re-alleges and incorporates by reference the allegation set forth in each paragraph as if fully set forth herein.

18.  The conduct and actions of Defendants, NYPD Police Officer, MATTHEW REICH and NYPD Police Officer JOHN DOE, acting in concert and under color of law, in authorizing, directing and/or intentionally driving recklessly without properly securing the Plaintiff's person (no seatbelt) was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful jurisdiction or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C. 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable  seizure of his person and the right to be free from the use of excessive, unreasonable and unjustified force.

19.  As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## SECOND CLAIM: DENIAL OF MEDICAL CARE

*DEPRIVATION OF RIGHTS UNDER THE FOURTEENTH AMENDEMENT
AND 42 U.S.C. 1983*

20.  Plaintiff re alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

21.  Members of the NYPD have an affirmative duty to promptly seek medical attention persons who are injured in the course of being apprehended by the police.

22.  Defendants, NYPD Police Officer  JOHN DOE and NYPD Police Officer, MATTHEW REICH were in the immediate vicinity of Plaintiff when Defendants JOHN DOE & MATTHEW REICH intentionally and/or negligently failed to properly secure his person as well as recklessly, negligently and willfully operate said police vehicle transporting the Plaintiff's person. Defendants, JOHN DOE & MATTHEW REICH aware Plaintiff was experiencing extreme physical pain as result of the Defendants excessive and unnecessary force, but took no action to provide or request medical care for Plaintiff, disregarding the obvious risk to Plaintiff's health.

23.  The conduct and actions of Defendants, MATTHEW REICH and JOHN DOE, acting under color of law, in failing to respect or obtain medical attention for Plaintiff, was unreasonable, was done maliciously, with a deliberate indifference and/or with a reckless disregard for Plaintiff 's serious medical needs, and was designed to and did cause specific  and serious physical and emotional pain and suffering in violation of Plaintiff's substantive due process rights as guaranteed under 42 U.S.C. 1983, and the Fourteenth Amendment to the United States Constitution.

24.  As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

6

## THIRD CLAIM: ASSAULT AND BATTERY

### *COMMON LAW CLAIM*

25.  Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

26.  By the conduct and actions described above, Defendants, MATTHEW REICH & JOHN DOE inflicted the torts of assault and battery upon Plaintiff.  The acts and conduct of Defendants MATTHEW REICH & JOHN DOE were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the law and Constitution of the State of New York.

27.  Defendants, MATTHEW REICH & JOHN DOE acts committed an assault upon Plaintiff in that  Defendants MATTHEW REICH & JOHN DOEE intentionally attempted to injure Plaintiff or commit a battery upon him, and further that Defendants, MATTHEW REICH & JOHN DOE acts represented a grievous affront to Plaintiff.

28.  Defendants, MATTHEW REICH & JOHN DOE acts constituted a battery upon Plaintiff in that the above described bodily contact was intentional unauthorized, and grossly offensive in nature.

29.  The actions of Defendants, MATTHEW REICH were intentional, reckless, and unwarranted ,and without any just cause of provocation, and Defendants MATTHEW REICH & JOHN DOE, knew, or should have known, that his/their actions were without the consent of Plaintiff.

30.  The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described, and Plaintiff did not contribute thereto.

31.   As a direct and proximate result of the foregoing, Plaintiff was subjected to great

physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## FOURTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *COMMON LAW CLAIM*

32.  Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

33.  Defendants, MATTHEW REICH & JOHN DOE, acts of purposely not securing the Plaintiff's person via seatbelt as well as willfully and  maliciously operating said transport vehicle in a reckless manner so as to induce physical harm to the Plaintiff  was extreme, outrageous and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

34.  The conduct of Defendants, MATTHEW REICH & JOHN  DOE was the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

35.  As a result of the foregoing, Plaintiff was deprived of her liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

## FIFTH CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### *COMMON LAW CLAIM*

36.  Plaintiff re-alleges and incorporates by reference the allegations west forth in each preceding paragraph as if fully set forth herein.

37.  Defendants, MATTHEW REICH &  JOHN DOE, in assaulting and battering Plaintiff \

8

was carless and negligent as to the emotional health of Plaintiff, and caused severe emotional distress to Plaintiff.

38. The acts and conduct of Defendants MATTHEW REICH & JOHN DOE were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

39. As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

## SIXTH CLAIM: NEGLIGENCE

### *COMMON LAW CLAIM*

40. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

41. Defendants, MATTHEW REICH & JOHN DOE, while acting as agent and employee for Defendant CITY OF NEW YORK, in their capacity as police officers for the CITY OF NEW YORK, owed a duty to Plaintiff to perform their police duties without the use of excessive force. Defendants, MATTHEW REICH & JOHN DOE upon Plaintiff, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants, MATTHEW REICH or to others constitutes negligence for which Defendants, MATTHEW REICH & JOHN DOE are individually liable.

42. As a proximate result of Defendants, MATTHEW REICH & JOHN DOE's negligent use of excessive force, Plaintiff sustained physical and emotional pain and suffering, and was otherwise damaged and injured.

## SEVENTH CLAIM: RESPONDEAT SUPERIOR LIABILITY
## OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

### *COMMON LAW CLAIM*

43.  Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

44.  The conduct of Defendants, MATTHEW REICH & JOHN DOE alleged herein occurred while they were on duty and in uniform, in and during the course and scope of their duties and functions as New York City police officers, and while they were acting as an agent, officer, servant and employee of Defendant CITY OF NEW YORK.  As a result, Defendant CITY OF NEW YORK is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

## EIGHTH CLAIM: NEGLIGENT SUPERVISION, RETENTION AND TRAINING

### *COMMON LAW CLAIM*

45.  Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as it fully set forth herein.

46.  Defendant CITY OF NEW YORK negligently trained, retained, and supervised Defendants, MATTHEW REICH & JOHN DOE.  The acts and conduct of Defendants MATTHEW REICH & JOHN DOE were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

47.  As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

### NINTH CLAIM :   DEPRIVATION OF FREE SPEECH AND EXPRESSION DEPRIVATION OF RIGHTS UNDE THE FIRST AND FOURTEENTH AMENDMENTS AND 42 U.S.C. 1983.

48.  Plaintiff re alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

49.  The above described conduct and actions of the individual defendants, acting under color of the law, deprived Plaintiff of his rights to free expression and association, was done due to Defendants' personal animus and bias against the content of Plaintiffs speech, and in retaliation against Plaintiffs exercise of his constitutionally protected speech; was done to interfere with, and chill, the exercise of free speech and association, and was done intentionally, maliciously, with a deliberate  indifference and/or  with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious pain and suffering in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. 1983, and the First and Fourteenth Amendments to the United States Constitution.

50.  As a result of the foregoing, Plaintiff suffered the injuries and damages set forth above.

### TENTH CLAIM: MUNICIPAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS MONELL CLAIM AGAINST THE CITY OF NEW YORK

51.  Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

52.  The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the defendant officers.  The conduct of the defendant officers was a direct proximate consequence of policies and practices of Defendant CITY OF NEW YORK.

53. At all times relevant to this complaint Defendant CITY OF NEW YORK, acting through the NYPD, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

54. At all times relevant to this complaint, Defendant CITY OF NEW YORK, acting through its police department, and through the individual defendants, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free expression and assembly.   Upon information and belief, Defendant CITY OF NEW YORK planned and implemented  a policy, practice, custom and usage of controlling pedestrians on the street that was designed to and did preempt lawful activities by illegally detaining person engaged in protected First Amendment Activity, using excessive force against persons engaged in protected First Amendment activity, retaliating against witness to police misconduct, and discouraging police officers from reporting the misconduct of other officers.   In connection with the aforesaid assembly, the CITY OF NEW YORK consciously disregarded the illegality and unconstitutionality of said detentions, use of force, and retaliation in order to punish and suppress peaceful expression as association.   These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

55. It was the policy and/or custom of the CITY OF NEW YORK, including the defendant officers, believed that their actions would not apply be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

56. The wrongful polices, practices, customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the

constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiffs' rights alleged herein.

57. Plaintiff reserves the right to amend this complaint at any time hereafter, as new material and/or evidence becomes available.

    **WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

    a.  Compensatory damages in the amount to be determined by a jury;

    b.  Punitive damages in an amount to be determined by a jury;

    c.  The convening and empaneling of a jury to consider the merits of the claims herein;

    d.  Costs and interest and attorney's fees;

    e.  Such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
      January 21, 2016

                    Jeremy Iandolo, Esq.
                    Iandolo Law Firm, P.C.
                    7621 13th Avenue
                    Brooklyn, New York 11228
                    Iandololaw@gmail.com
                    (718) 305-1702 (t)